IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN ROLLAKANTI, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX 16-2914 |
| HOLY CROSS HOSPITAL et al., | * |
| Defendants. | * |

******

**MEMORANDUM OPINION and ORDER**

Plaintiff has requested the appointment of counsel. *See* ECF No. 4. 42 U.S.C. § 2000e-5(f)(1) provides the avenue for appointment of counsel in a Title VII case under "such circumstances as the court may deem just." *Id.* In a Title VII action, the Plaintiff need not be indigent, a pauper, or entirely destitute in order for a court to appoint counsel under 42 U.S.C. § 2000e-5(f)(1)). *See Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Poindexter v. F.B.I.*, 737 F.2d 1173, 1182 (D.C. Cir. 1984); *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir. 1983). Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). When an unrepresented litigant has a colorable claim but lacks the capacity to present it, counsel should be appointed. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). The factors relevant to deciding if appointment of counsel is warranted are the plaintiff's financial ability to retain an attorney, the efforts of the plaintiff to retain counsel, and the merits of the case. *See Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012). In a Title

1

VII case, the Court considers the EEOC's conclusions regarding Plaintiff's claim when deciding whether to appoint counsel. *See Garrison v. State of Md. Great Oaks Cntr.*, 850 F. Supp. 366, 368 (D. Md. 1994).

Plaintiff states that he is "unable to find an attorney who can take up [his] case" because some of them want a "huge amount of money up front." ECF No. 4. He also states that he "cannot afford an attorney" but provides no underlying evidence regarding his financial status and inability to pay for a lawyer. *Id.* Plaintiff also does not explain the steps he took to retain counsel nor does he present evidence of his efforts. Moreover, from a reading of his Complaint, while his lawsuit may not be patently frivolous, the Court notes that the EEOC adopted the no probable cause finding of the Maryland Commission on Civil Rights. ECF No. 1-1. Finally, Plaintiff has submitted several *pro se* filings and appears capable of pursuing his claims. Therefore, the Court declines to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1).[1]

Accordingly, it is this 6th day of February, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 4) BE and the same HEREBY IS DENIED; and

2. The clerk is directed to mail a copy of this Order to Plaintiff and counsel for Defendants.

/S/
Paula Xinis
United States District Judge

---

[1] The general mechanism for the appointment of counsel in civil cases is set forth at 28 U.S.C. § 1915(e), the *in forma pauperis* provision. 42 U.S.C. § 2000e-5(f)(1) supplants 28 U.S.C. § 1915 in Title VII cases. But even if 28 U.S.C. § 1915 governed, Plaintiff would not be entitled to appointed counsel because he did not first seek and obtain permission to proceed *in forma pauperis* as 28 U.S.C. § 1915 requires.