IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN ROLLAKANTI   *

    Plaintiff,   *

  v.   *   Civil Action No. PX 16-02914

  *

HOLY CROSS HOSPITAL et al.,   *

    Defendants.

******

**MEMORANDUM OPINION**

Pending is a motion to dismiss or, in the alternative, motion for a more definite statement filed by Defendants Holy Cross Hospital, William Frederick, Andrene Towsen, and Johny Niles (ECF No. 7). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the Defendants' motion is granted.

**I.   BACKGROUND**[1]

According to the Complaint, Plaintiff Steven Rollakanti ("Plaintiff") works as a nurse at Holy Cross Hospital. On July 16, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), accusing Defendants of race discrimination. The EEOC issued to Plaintiff a Right to Sue Letter on May 18, 2016.[2] *See* Dismissal and Notice of Rights, ECF No. 1-1.

On August 18, 2016, Plaintiff filed the instant Complaint against Holy Cross Hospital ("Holy Cross" or the "Hospital") as well as three Hospital employees: Andrene Towsen, Johny

---

[1] The facts here are construed in the light most favorable to the Plaintiff as the nonmoving party.

[2] As explained below, Plaintiff provides few details in his Complaint, omitting even the most basic facts such as the kind of work he performed, his employment relationship with the Defendants Frederick, Towsen and Niles, or the information that he provided to the EEOC.

1

Niles, and William Frederick (the "Individual Defendants").[3] Plaintiff brings his Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and generally alleges that the Defendants discriminated and retaliated against him on account of race. ECF No. 1 at 4. Plaintiff also alleges that the Defendants created a hostile work environment and failed to promote Plaintiff to another position in the Hospital because of his race. *Id.*

On October 25, 2016, the Defendants filed a motion to dismiss or, in the alternative, motion for more definite statement. ECF No. 7. For the following reasons, Defendants' motion to dismiss is granted.

## II. MOTION TO DISMISS

### A. Standard of Review

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure

---

[3] All four defendants will be collectively referred to as "the Defendants" through the remainder of this Memorandum Opinion.

in the pleadings to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to ensure that it survives a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

At the outset, the Court notes that Plaintiff's Complaint names not only the Hospital as a defendant, but also the Individual Defendants who maintain supervisory positions at Holy Cross. It is well-established that supervisors or employees cannot be held liable under Title VII in their individual capacities. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that supervisors cannot be held liable in their individual capacities under Title VII because they do not fit Title VII's definition of employer); *Lewis v. Baltimore City Bd. of Sch. Commissioners*, 187 F. Supp. 3d 588, 594 (D. Md. 2016); *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 726 (D. Md. 2015), *aff'd*, 627 F. App'x 185 (4th Cir. 2015). For this reason, the Court will dismiss with prejudice Plaintiff's claims against the Individual Defendants.

Turning to the merits, Plaintiff's Complaint asserts that Holy Cross discriminated against him on the basis of his race and gender in violation of Title VII. He alleges that the Defendants engaged in four forms of violative conduct: 1) race and gender discrimination, 2) retaliation, 3) failure to promote, and 4) hostile work environment. Here, when the Court liberally construes Plaintiff's *pro se* Complaint and even considers the facts alleged in his opposition to the

Defendants' motion to dismiss,[4] the Court is unable to conclude that the Complaint is sufficient to survive challenge. The Court addresses each of Plaintiff's claims in turn.

Under Title VII, an employer may not "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII also makes it an "unlawful employment practice for an employer to discriminate against any of [their] employees . . . because [the employees] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [the employees] ha[ve] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a).

For Plaintiff's discrimination claim to survive, Plaintiff must allege facts demonstrating that the Defendants "discriminate[d] against [him] with respect to his compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) (emphasis added); *cf. McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (explaining that a Title VII plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute."). Plaintiff has not done this. The Complaint nakedly asserts that Defendants discriminated against Plaintiff based on his race and gender. Although Plaintiff provides slightly more detail in his opposition regarding Holy Cross' refusal to honor his staffing and scheduling

---

[4] The Court is mindful that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)) (internal quotation marks omitted). However, Plaintiff, who is appearing *pro se*, will be permitted to file an amended complaint. The Court considers the allegations in Plaintiff's opposition only to assist Plaintiff in assessing whether filing an amended complaint is worthwhile.

requests (ECF No. 11 at 1), even there he simply concludes in summary fashion that Holy Cross's conduct was motivated by his race and gender. Amounting to no more than bare accusations of race discrimination, therefore, the allegations do not suffice. *See McCleary-Evans*, 780 F.3d at 585 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Twombly*, 550 U.S. at 555, 557)).

Plaintiff's retaliation claim is even more threadbare. To establish a *prima facie* case of retaliation, a plaintiff must show 1) that he engaged in a protected activity; 2) his employer took an adverse employment action against him; and 3) there was a causal link between the protected activity and adverse action.[5] *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (D. Md. 2011) (holding that plaintiff stated a cognizable claim for retaliation under Title VII). Here, viewing the complaint allegations most favorably to Plaintiff, he provides no more than the Defendant "retaliate[d] against me." *See* ECF No. 1 at 4. Plaintiff does not explain the conduct that supposedly prompted the retaliation, nor the retaliatory acts taken against him. Without any factual support, Plaintiff's retaliation claim likewise amounts to a general, and not legally cognizable, allegation of wrongdoing.

Similarly, Plaintiff's failure-to-promote claim is found in a single phrase in the Complaint: "Preventing Job Promotion." Complaint, ECF No. 1 at 4. In his Opposition, Plaintiff explains that he applied for an unspecified "new position" at Holy Cross at an unspecified time and that the Hospital rejected his application. *See* ECF No. 11 at 1. He concludes that the

---

[5] Because retaliation claims under Title VII are subject to the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court's holding in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) and the Fourth Circuit Court of Appeals' holding in *Woods v. City of Greensboro*, 855 F.3d 639 (4th Cir. 2017), apply equally to Plaintiff's retaliation claim and the rest of Plaintiff's claims under Title VII. *See Swierkiewicz*, 534 U.S. at 510, 515 ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement."); *Woods*, 855 F.3d at 648 ("[Plaintiff] need not plead facts sufficient to establish a prima facie case of race-based discrimination to survive a motion to dismiss."). Plaintiff, however, must still state a plausible claim for relief.

Hospital's decision to reject his application was racially motivated. Indeed, the Complaint even fails to satisfy the notice requirements of Federal Rule of Civil Procedure 8 in omitting the most basic facts regarding the applied-for position or the time frame of his application and rejection. *See, e.g.*, *Brown v. Target, Inc.*, No. ELH-14-00950, 2015 WL 2452617, at *10 (D. Md. May 20, 2015) (dismissing a failure-to-promote claim under similar circumstances). Nor does Plaintiff provide any facts suggesting that he was qualified for the position in question, or that he was rejected in a manner that gives rise to an inference of discrimination. Plaintiff has simply failed to allege any facts that constitute a plausible failure to promote claim under Title VII. *See Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 680).

For the same reason, Plaintiff's hostile work environment claim must also be dismissed. To state a hostile work environment claim, Plaintiff must plausibly allege that: (1) he experienced unwelcome harassment; (2) the harassment was based on his race or gender; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 528 (D. Md. 2015), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016) (approving the district court's use of the above-cited elements in granting the defendant judgment on the pleadings, which is subject to the same standard of review as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)); *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011).

To determine whether a defendant's conduct was severe or pervasive, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with the

employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (internal quotation marks and citation omitted). "A hostile environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 276–77 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (alteration in original).

Although, Plaintiff alleges that has been the subject of "bullying" and "harassment, he gives no detail about the said harassment and no explanation about how he was treated adversely because of his race. In his opposition, Plaintiff explains only that certain staff told him that he is not liked. *See* ECF No. 11 at 2. "However, not liking or being liked by one's supervisors or co-workers does not create a viable hostile work environment claim." *Curry v. Maryland Corr. Inst.-Jessup*, No. JFM-05-1220, 2007 WL 2778660, at *8 (D. Md. Sept. 17, 2007). Especially, where, as here, Plaintiff does not allege that the adverse treatment was on account of his race or gender. *Cf. Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* . . . because of . . . [race].'") (first alteration and emphasis in original).

Plaintiff also states in his Opposition that one of his co-workers told him that he "should go back to India." ECF No. 11 at 2. Even if this allegation were part of the Complaint and construed in the light most favorable to Plaintiff, it is a single isolated event that does not make out an abusive environment. *See Mock v. Lockheed Martin Corp.*, No. DKC 09-1370, 2009 WL 3297243, at *4 (D. Md. Oct. 8, 2009) (granting a motion to dismiss on plaintiff's hostile work environment theory in part "because Plaintiff has only alleged one statement of harassment that relates to race, Plaintiff has not alleged that the harassment was severe or pervasive.").

7

Accordingly, Defendants' motion to dismiss is granted and Plaintiffs' Complaint is dismissed. The claims against the Individual Defendants are dismissed with prejudice. The claims against Holy Cross, however, are dismissed without prejudice, allowing Plaintiff the opportunity to cure the complaint's deficiencies where possible.

### III. MOTION FOR MORE DEFINITE STATEMENT

The Defendants ask the Court to order that Plaintiff provide a more definite statement in his Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure if the Court denies the motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Defendants explain that "[a]s it is currently pleaded, the Complaint lacks any factual detail, logic, or chronological organization, such that Defendants cannot be required to interpose a responsive pleading." *See* ECF No. 7-1 at 4.

Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). As the Defendants suggest in their motion, a court should deny a Rule 12(e) motion when it is appropriate to grant a Rule 12(b)(6) motion instead. Wright & Miller explains:

> [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss.

5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3d ed. 2004). Thus, the Court will deny the Defendants' motion for a more definite statement at this time because Plaintiff's pleading cannot survive a Rule 12(b)(6) motion to dismiss.

## IV. SUPPLEMENT TO COMPLAINT

On May 1, 2017, Plaintiff filed a "supplement" to his Complaint. *See* ECF No. 22. In this supplement, Plaintiff reiterates some of the same allegations that he raised in his Opposition. Plaintiff also attaches two documents that he believes are relevant to his claims—a copy of a hearing notice in an unrelated case brought by the National Labor Relations Board against Holy Cross and a letter from Holy Cross to Plaintiff thanking him for his ten years of service at the Hospital. *See* ECF No. 22-1. Plaintiff asks the Court to "note the[se] supporting documents" and requests that the Court "honor them in the process of judgment." However, he does not explain how these documents matter to his claims. In any event, the two documents do not alter the Court's decision here. To the extent that Plaintiff believes the evidence contained within these documents is nonetheless pertinent to his claims, he may incorporate them into his amended complaint.

## V. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is granted. Plaintiff's Complaint is dismissed with prejudice as to the Individual Defendants and dismissed without prejudice as to Holy Cross. If Plaintiff chooses to file an amended complaint, he must file it no later than twenty-eight (28) days from the date of the following Order.

| | |
|---|---|
| 5/30/2017 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

9