IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN ROLLAKANTI | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-02914 |
| | * | |
| HOLY CROSS HOSPITAL, | * | |
| Defendant. | | |

******

**MEMORANDUM OPINION**

Pending is Plaintiff Steven Rollakanti's Motion for Extension of Time to Amend his Complaint. ECF No. 27. The issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Plaintiff's motion is denied.

**I.    BACKGROUND**

On August 18, 2016, Plaintiff filed a Complaint against Holy Cross Hospital ("Holy Cross" or the "Hospital") as well as three Hospital employees—Andrene Towsen, Johny Niles, and William Frederick (the "Individual Defendants")—pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") generally alleging that the Defendants discriminated and retaliated against him on account of race. The Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss on May 30, 2017. *See* ECF No. 25. The Court dismissed the Complaint with prejudice as to the Individual Defendants because supervisors and employees cannot be held liable under Title VII in their individual capacities. *See id.* at 3 (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998)). As to Holy Cross, the Court concluded that the allegations against it were too threadbare to survive

1

dismissal. *See id.* at 4–8. However, the Court dismissed Plaintiff's claims against the Hospital without prejudice, and allowed Plaintiff until June 27, 2017, a full twenty-eight days, to file an amended complaint curing the deficiencies. *See* Order, ECF No. 26 at 1.

On June 30, 2017, three days after the Court's deadline for filing an amended complaint, Plaintiff filed the instant motion for extension of time to file his amended complaint. ECF No. 27. He attached a copy of his amended complaint to the motion. *See* ECF No. 27-2. Defendants filed a response in opposition to Plaintiff's motion on July 10, 2017. They argue, in part, that Plaintiff's late filing violates Rule 6(b)(1) of the Federal Rules of Civil Procedure. ECF No. 28.

## II.     ANALYSIS

Rule 6(b)(1) states that "when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Because Plaintiff did not file the motion to extend time until after time expired, he must demonstrate excusable neglect. "Excusable neglect is not easily demonstrated." *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014) (internal citation and quotation marks omitted). Indeed, "'[a] district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Ward v. Branch Banking & Trust Co.*, No. ELH-13-1968, 2016 WL 4492706, at *5 (D. Md. Aug. 25, 2016) (quoting *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)) (emphasis in *Thompson*). The Supreme Court articulated the standard for "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, identifying four factors for courts to consider, including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings,

[3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); *see also Thompson*, 76 F.3d at 533. "The most important factor considered by a court is the reason for the delay." *Rothenberg v. Marriott Int'l, Inc.*, No. CCB-08-173, 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citing *Thompson*, 76 F.3d at 534); *see also United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (noting that "the *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import") (internal citation and quotation marks omitted).

Here, Plaintiff has given no reason for his delay in filing the amended complaint or the motion for extension of time. Plaintiff's motion states, in full: "Please extend the date to file Amended Complaint against Holy Cross Hospital, William Frederick, Andrene Towsen and Johny Niles." ECF No. 27. The motion to extend the time to file an amended complaint is thus denied.

The Court notes that even if it were to accept Plaintiff's proposed amended complaint the case would eventually be dismissed because the amended complaint cures none of the deficiencies that plagued the original complaint. The amended complaint maintains causes of action against the Individual Defendants, despite the Court's Order dismissing these claims with prejudice. More importantly, the amended complaint is even more threadbare with respect to Holy Cross than the original complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for extension of time is denied. A separate Order follows.

8/4/2017  
Date

/S/  
Paula Xinis  
United States District Judge

3